# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JML INDUSTRIES, INC.,

    Plaintiff,

v.

PRETIUM PACKAGING, LLC,

    Defendant.

CIVIL ACTION NO. 3:04-CV-2552

(JUDGE CAPUTO)

## **MEMORANDUM**

    Before me are several motions for sanctions filed by Defendant Pretium Packaging, LLC (Pretium), for alleged failures on the part of Plaintiff, JML Industries, Inc., (JML).

    The alleged deficiencies involve responses to document requests of Pretium which said things were "attached" or "enclosed" which were not attached or enclosed. Counsel for the Plaintiff says these designations were oversights, and when called to his attention, were corrected. Pretium also notes that it requested projections prepared by Mr. Riccetti since he referred to projections for JML in his testimony before the Court in the hearing on JML's Motion for a Preliminary Injunction. While Pretium argues there must be projections, JML's counsel represents there are none in writing.[1] There are also allegations that JML failed to produce a business plan because a "business plan" for JML had been referred to in a December 15, 2003 e-mail. Again JML's counsel represented to Pretium and to the Court that there was no business plan in existence.[2]

---

[1] At a conference before the Court on January 10, 2005, JML's counsel made this representation, and JML was ordered to respond as such under oath.

[2] Similarly, JML was directed to so state under oath.

The remainder of the allegations of misconduct regarding paper discovery were resolved at a conference in my chambers on November 18, 2005.

In determining whether to order sanctions in matters of discovery, the United States Court of Appeals for the Third Circuit has set forth the following factors to be considered by the district court:

> 1) the extend of the party's personal responsibility; 2) a history of dilatoriness; 3) whether the attorney's or party's conduct was willful or in bad faith; 4) meritoriousness of the claim (i.e. whether the allegations in the pleadings support recovery); 5) prejudice to the other party; and 6) appropriateness of alternative sanctions.

*Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986) (*citing Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir. 1984); *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984)).

I attribute the alleged deficiencies to a failure to be thorough and complete in responding to the document requests. At the same time, when the deficiencies were called to JML's attention, counsel attempted to correct them. The fact that there were no projections or business plans produced despite references to them in testimony and e-mails respectively, while perceived by Pretium as incredulous, the response is that there are none, and that response will be under oath. Further, I do not find that JML and/or its counsel acted in bad faith, and there is no prejudice to Pretium, as the Court will accommodate the case management schedule to allow for the time consumed by Pretium's additional effort to complete paper discovery.

I should also note that I view sanctions as a last resort, and I am generally reluctant to impose them. It is my view that lawyers must navigate discovery with civility and with responses which, so long as not privileged and relevant, are complete and responsive. The

Court is always available to aid in this process but only where necessary, and not as the administrator of the process. Good advocacy is not inconsistent with responsible discovery.

That said, for the foregoing reasons, the various motions for sanctions will be denied.

An appropriate Order follows.


Date: <u>December 16, 2005</u>　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JML INDUSTRIES,<br><br>　　Plaintiff<br><br>　　v.<br><br>PRETIUM PACKAGAING, LLC<br><br>　　Defendant. | NO. 3:04-CV-2552<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this 16th day of December, 2005, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Sanctions Against Plaintiff for Failing to Comply with the Court's Discovery Orders (Doc. 41) is **DENIED**.

2. Defendant's Amended Motion for Sanctions Against Plaintiff for Failing to Comply with the Court's Discovery Orders (Doc. 42) is **DENIED**.

3. Defendant's Second Amended Motion for Sanctions Against Plaintiff for Failing to Comply with the Court's Discovery Orders (Doc. 58) is **DENIED**.

　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　United States District Judge