# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JML INDUSTRIES, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-02552 |
| v. | (JUDGE CAPUTO) |
| PRETIUM PACKAGING, LLC, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Pretium Packaging, LLC's Motion for Summary Judgment. (Doc. 86.) For the reasons set forth below, the Court will grant in part and deny in part Defendant's Motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441.[1]

## BACKGROUND

### A. Factual Background

In 2003, Zapata Innovative Plastics, Inc. ("Zapata") began manufacturing and supplying LEGO lids to Defendant. (Doc. 89-1 ¶ 1.) At that time, Jeffrey M. Lotz ("Lotz") was employed by Zapata as the general manager of its plant in Hazleton, Pa. (Doc. 89-1 ¶ 2.) The pricing arrangement between Zapata and Defendant provided that Defendant would break even on the LEGO lids. (Doc. 89-1 ¶ 3.)

Later in 2003, Lotz informed Defendant that Zapata could not supply the quantity of LEGO lids that Defendant would need in the future. (Doc. 89-1 ¶ 4.) As a result, Lotz

---

[1] Pennsylvania law shall govern this diversity case pursuant to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

offered Defendant three options: (1) Lotz would find another supplier to Defendant at no cost; (2) Lotz would help Defendant establish its own injection molding division to manufacture LEGO lids; or (3) Lotz would start his own business to manufacture the lids, provided Defendant could guarantee Lotz the business for a period of time.  (Doc. 89-1 ¶ 5.)

In August of 2003, Lotz met with Dale Behm ("Behm"), a representative of Defendant,[2] for lunch.  (Doc. 89-1 ¶ 6.)  During this luncheon meeting, Lotz and Behm orally agreed that a company to be formed by Lotz would manufacture and supply LEGO lids for Defendant for a two (2) year period.[3]  (Doc. 89-1 ¶ 7.)  Lotz and Behm also agreed upon a pricing structure under which Defendant would continue to break even on the LEGO lids. (Doc. 89-1 ¶ 8.)

In September of 2003, Lotz incorporated JML Industries, Inc. ("Plaintiff").  (Doc. 89-1 ¶ 9.)  Plaintiff then purchased several pieces of specialized equipment, costing $53,100.00, in order to manufacture the lids to be supplied to Defendant.    (Doc. 89-1 ¶¶ 20 - 22.) Plaintiff also leased equipment from US Bancorp.     (Doc. 89-1 ¶ 25.)   Plaintiff began manufacturing and supplying LEGO lids to Defendant in November 2003.  (Doc. 89-1 ¶ 10.)

In May of 2004, Plaintiff submitted a price quote to Defendant for lids to be produced for LEGO's 2005 campaign.  (Doc. 89-1 ¶ 11.)  Plaintiff and Defendant dispute whether this quote complied with the agreed upon pricing structure.  (Doc. 89-1 ¶¶ 12-13; Doc. 95 ¶¶ 12-13.)  Defendant informed Lotz that Plaintiff's price needed to be reduced.  (Doc. 89-1 ¶ 14.)

---

[2] For purposes of this motion only, Defendant assumes that Behm was authorized to act as an agent of Defendant.

[3] For the purposes of this motion only, Defendant assumes that the term of the oral contract was two years.

2

In response, Lotz sent an email to Defendant on May 26, 2004 stating that Plaintiff "would do everything possible on [its] end to help reduce cost to [Defendant] by being very judicial on box terms and pallet usage, but there [was not] a significant reduction in price that [it] could give." (Doc. 98-2 p. 7.)

Defendant subsequently located a supplier in Nazareth, Pennsylvania, S&L Plastics, Inc. ("S&L"), which would supply LEGO lids to Defendant at a lower price than Plaintiff's quote. (Doc. 89-1 ¶ 17.) Defendant awarded the LEGO 2005 campaign contract to S&L and stopped doing buisness with Plaintiff. (Doc. 89-1 ¶ 19.)

In November of 2004, Plaintiff entered into an agreement with US Bancorp, which provided that Plaintiff would pay $1,000 per month to cover the interest expense on the equipment it had leased. (Doc. 89-1 ¶ 26.) That agreement persisted until March of 2005, at which time Plaintiff began manufacturing housewares for its new customer, IKEA. (Doc. 89-1 ¶ 29.)

### B. Procedural Background

On October 25, 2004, Plaintiff filed an action against Defendant in the Luzerne County Court of Common Pleas for breach of contract and promissory estoppel. (Doc. 1-3.) On November 24, 2004, the action was removed by Defendant to this Court pursuant to 28 U.S.C. § 1441 based on diversity of citizenship. (Doc. 1-1.) Defendant then filed a counterclaim against Plaintiff. (Doc. 2.) Defendant also moved to dismiss Plaintiff's complaint (Doc. 3) on the ground that Plaintiff's claims were barred by the Pennsylvania Statute of Frauds, 13 Pa.C.S. § 2201(a).

On December 14, 2004, Plaintiff filed a motion for immediate specific performance. (Doc. 8.) On January 14, 2005, the Court denied Plaintiff's motion for immediate specific

performance. (Doc. 23.) The Court also denied Defendant's motion to dismiss as it pertained to the breach of contract claim, but granted Defendant's motion as it related to Plaintiff's promissory estoppel claim, holding that the statute of frauds precluded such a claim. (Doc. 23.) Plaintiff responded to the Court's order by filing its Amended Complaint on March 7, 2005. (Doc. 28.)

Defendant filed this Motion for Summary Judgment on May 1, 2006 along with a brief and statement of facts. (Docs. 86, 88, and 89.) On May 24, 2006, Plaintiff responded to Defendant's motion. (Docs. 95, 96, and 98.) Defendant replied to Plaintiff on June 7, 2006. (Doc. 99.) Consequently, this motion is fully briefed and now ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of

4

proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

Defendant moves for summary judgment on the ground that Plaintiff is unable to satisfy one of the elements of a breach of contract claim.  Alternatively, Defendant asks that summary judgment be granted as to Plaintiff's claims to recover the cost of specialized equipment and the interest payments made on other leased equipment.

Defendant cites the elements to recover on a breach of contract claim as follows:

> (1) the existence of a valid and binding contract between the plaintiff and the defendant; (2) the contract's essential terms; (3) that the plaintiff has complied with the contract and performed its own obligations under it; (4) that the defendant breached a duty imposed by the contract; and (5) damages resulting from the breach. *Gundlach v. Reinstein*, 924 F.Supp. 684, 688 (E.D. Pa. 1996) (citing *Electron Energy Corp. v. Short*, 597 A.2d 175 (Pa. Super. 1991).

(Doc. 88 pp. 3-4.)  Defendant contends that Plaintiff is unable to establish element (3).

The *Gundlach* court cites the *Electron Energy* court as establishing these five elements of recovery.  However, under Pennsylvania law, the elements a plaintiff must prove to recover on a breach of contract claim are: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Omicrom Sys. Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. 2004) (citing *J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269, 1272 (Pa. Super. 2002)); *see also Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa.Super.2000); *CoreStates Bank Nat'l. Ass'n. v. Cutillo*, 723 A.2d 1053, 1058 (Pa.Super.1999); *Gen. State Auth. v. Coleman Cable & Wire Co.*, 365 A.2d 1347, 1349 (Pa. Commw. 1976); *Travelers Indem. Co. v. Mahiai*, 2005 WL 4122388 (Pa. Commw. Oct. 6, 2005).  Therefore, the Court views Defendant's contention that Plaintiff cannot establish the third *Gundlach* element of a breach

of contract claim as a claim that Plaintiff anticipatorily breached the contract, therefore there is no contract (element (1) per *Omicrom Sys., supra*), and therefore cannot recover for any subsequent breach by Defendant.[4]

Under Pennsylvania law, an anticipatory breach of a contract occurs "whenever there has been a definite and unconditional repudiation of a contract by one party communicated to another." *Oak Ridge Const. Co. v. Tolley*, 504 A.2d 1343, 1346 (Pa. Super. 1985). A reasonable jury could arguably find that Plaintiff did not absolutely and unequivocally refuse to perform under the contract or evidence an inability to do so. *See Edwards v. Wyatt*, 335 F.3d 261, 272 (3d Cir. 2003). Whether Plaintiff's submitted price quote in May of 2004, and the e-mail correspondence on May 26, 2004 amounted to an "absolute and unequivocal" refusal to perform is disputed. *Id.* This constitutes a genuine issue of material fact, and therefore, summary judgment is inappropriate.

Defendant alternatively moves the Court to grant summary judgment as to Plaintiff's claim for reliance damages – the cost of the specialized equipment purchased to manufacture the LEGO lids.[5] Defendant argues that the purpose of contract law is to put the non-breaching party in the position he or she would have been in had there been no breach.

---

[4] The Court interprets this contract as an installment contract. Under the Pennsylvania Commercial Code, an installment contract is defined as "one which requires or authorizes the delivery of goods in separate lots to be separately accepted." 13 Pa.C.S.A. § 2612 (a). This definition describes the present contractual situation because the LEGO lids were separately shipped and separately accepted. (Doc. 87-5 p. 13.)

[5] The cost of the equipment was an expense incurred by Plaintiff in connection with its performance of the contract. Recovery of this expense would return Plaintiff to the position it was in before the contract was entered into. *See Stalnaker v. Lustik*, 745 A.2d 1245, 1248 (Pa. Super. 1999).

(Doc. 88 p. 6.)  Such relief is generally referred to as expectation damages.  However, the Superior Court of Pennsylvania has held that "it is well settled that a party who is injured as a consequence of another party's breach of a valid oral contract . . . may recover reliance damages." *Stalnaker*, 745 A.2d at 1248.  Therefore, the Court will deny Defendant's motion as to Plaintiff's claim for recovery of the cost of the special equipment.

Finally, Defendant moves for summary judgment on Plaintiff's claims for consequential damages -- the interest payments on the leased equipment.[6]  Again, Defendant argues that Plaintiff cannot recover consequential damages.  The Court agrees, as "[i]t is well settled under Pennsylvania law that an aggrieved seller may not be awarded consequential damages under the Pennsylvania Commercial Code." *Sonfast*, 875 F.Supp. at 1096.  Therefore, Plaintiff is not entitled to recovery of the interest payments made to US Bancorp.  The Court will thus grant Defendant's motion for summary judgment as to Plaintiff's claim for recovery of the interest payments.

---

[6] Consequential damages are those damages that "do not arise within the scope of the immediate buyer-seller transaction but rather stems from the losses incurred by [the] non-breaching party in its dealings, often with third parties, which were reasonably foreseeable by [the] breaching party at [the] time of contracting." *Sonfast Corp. v. York Int'l Corp.*, 875 F.Supp. 1088, 1096 (M.D. Pa. 1994) (Rambo, J.).  That definition appropriately describes the interest payments on Plaintiff's loan because US Bancorp is a third party, and the interest payments did not arise immediately from the transaction between Plaintiff and Defendant.

8

## CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part Defendant's Motion for Summary Judgment.  (Doc.  86.)

An appropriate Order will follow.


October 25, 2006                                               s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                             United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JML INDUSTRIES, INC.,

    Plaintiff,

    v.

PRETIUM PACKAGING, LLC,

    Defendant.

CIVIL ACTION NO. 3:04-CV-02552
(JUDGE CAPUTO)

**ORDER**

**NOW,** this  25th  day of October, 2006, **IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion for Summary Judgment (Doc. 86) is **DENIED** as to Plaintiff's breach of contract claim.

(2) Defendant's Motion for Summary Judgment (Doc. 86) as it concerns Plaintiff's claim for damages related to the purchase of specialized equipment is **DENIED**.

(3) Defendant's Motion for Summary Judgment (Doc. 86) as it concerns Plaintiff's claim for damages related to the interest payments made to US Bancorp is **GRANTED**.

                                            s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge