## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JML INDUSTRIES, INC.,

     Plaintiff,

        v.

PRETIUM PACKAGING, LLC,

     Defendant.

CIVIL ACTION NO. 3:04-CV-2552

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant Pretium Packaging, LLC's Motion for Reconsideration (Doc. 103) of its Motion for Summary Judgment (Doc. 86) as to Plaintiff JML Industries, Inc.'s breach of contract claim.  For the reasons set forth below, the Court will deny Defendant's Motion for Reconsideration.

## BACKGROUND

On October 25, 2004, Plaintiff filed a complaint in the Court of Common Pleas, Luzerne County, for breach of contract and promissory estoppel. (Doc. 1-3.)  Plaintiff alleged that Defendant had breached its oral contract to purchase LEGO lids manufactured by Plaintiff.[1] (*Id.*)  On November 24, 2004, that action was removed by Defendant to this Court pursuant to 28 U.S.C. § 1441 based on diversity of citizenship. (Doc. 1-1.)  Defendant then filed a counterclaim against Plaintiff (Doc. 2), as well as a motion to dismiss Plaintiff's complaint (Doc. 3) on the ground that Plaintiff's claims were barred by the Pennsylvania Statute of Frauds, 13 PA. CONS. STAT. ANN. § 2201(a).

---

[1]Under the terms of the alleged oral contract, Plaintiff and Defendant agreed that Defendant would break even on the LEGO lids – that is, Plaintiff would charge and Defendant would pay what LEGO paid Defendant for the lids, less the cost of colorant, boxes and pallets, and freight, which were provided by Defendant. (Doc. 89-2 p.8; Doc. 89-4 p.112-113.)

On December 14, 2004, Plaintiff filed a motion for immediate specific performance. (Doc. 8.)  On January 14, 2005, the Court denied Plaintiff's motion. (Doc. 23.)  The Court also denied Defendant's motion to dismiss as it pertained to Plaintiff's breach of contract claim, but granted Defendant's motion as to Plaintiff's promissory estoppel claim, holding that such a claim was precluded by the Pennsylvania Statute of Frauds, 13 PA. CONS. STAT. ANN. § 2201(a). (Doc. 23.)  Plaintiff then filed an Amended Complaint on March 7, 2005. (Doc. 28.)

On May 1, 2006, Defendant filed a Motion for Summary Judgment (Doc. 86), arguing that Plaintiff could not satisfy all the requisite elements of a breach of contract claim.  Specifically, Defendant contended that Plaintiff, which allegedly submitted a price quote at odds with the pricing structure agreed to by the parties, had not performed its own obligations under the contract, precluding recovery for breach of contract. (Def.'s Mem. of Law at 3-4; citing *Gundlach v. Reinstein*, 924 F. Supp. 684, 688 (E.D. Pa. 1996) and *Pierce v. Montgomery County Opportunity Bd.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995)).  In furtherance of this contention, Defendant offered affidavits, deposition testimony and documentary evidence in order to establish that Plaintiff had failed to comply with the pricing structure that had been agreed to by the parties. (*See* Def.'s Statement of Material Facts ¶¶ 12-15.)  Plaintiff opposed Defendant's motion for summary judgment, denying that it had failed to comply with their oral contract. (*See* Pl.'s Reply ¶¶ 12-15, 19.)  Defendant then replied, asserting that Plaintiff had failed to put forth any evidence of record that would enable it to survive summary judgment, and noting that a non-moving party such as Plaintiff cannot avoid summary judgment by merely denying properly supported factual statements of the moving party. (*See* Def.'s Reply Br. 5-10;

2

citing *Easton v. Bristol-Myers Squibb Co.*, 289 F. Supp. 2d 604, 609 (E.D. Pa. 2003) and

*Technographics, Inc. v. Mercer Corp.*, 777 F. Supp. 1214, 1215 (M.D. Pa. 1991)).

On October 25, 2006, the Court entered a Memorandum and Order denying

Defendant's motion for summary judgment on Plaintiff's breach of contract claim. (Doc.

102.)  Therein, the Court compared the five elements cited by the *Gundlach* court,[2] that

need to be established to recover for breach of contract, to the three element test used

by the Superior Court of Pennsylvania,[3] concluding that the third element cited in

*Gundlach* – that the plaintiff has complied with the contract and performed its own

obligations under it – is redundant and subsumed within the first and second elements of

the test used by the Superior Court of Pennsylvania. (Doc. 102 at 6-7.)  That is, the Court

reconciled the third element cited in *Gundlach* with the three part Superior Court test by

deducing that, if a plaintiff has failed to perform its own obligations under the contract, the

plaintiff is in breach and the defendant's obligation to perform under the contract is

excused. (*Id.*)  As such, a defendant, by not performing, has not breached a duty

imposed by the contract and is therefore not liable for breach. (*Id.*)  Thus, the Court

interpreted Defendant's argument, that Plaintiff could not establish the third element cited

in *Gundlach*, as essentially asserting that Plaintiff had breached the contract, thereby

---

[2]Those elements are: (1) the existence of a valid and binding contract between the plaintiff and the defendant; (2) the contract's essential terms; (3) the plaintiff has complied with the contract and performed its own obligations under it; (4) the defendant breached a duty imposed by the contract; and (5) damages resulting from the breach. *Gundlach*, 924 F. Supp. at 688.

[3]The three elements cited by the Superior Court of Pennsylvania, which the Court views as the law of Pennsylvania, are: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract and (3) resultant damages. *Omicron Sys. Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. Ct. 2004); *see also J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002); *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. Ct. 2000); *CoreStates Bank Nat'l Ass'n v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).

excusing Defendant's performance. (*Id.*)

In addition, the Court viewed Plaintiff's alleged breach of the contract – submitting a price quote that contravened the pricing structure the parties had agreed to and then allegedly refusing to lower its prices after being requested to do so by Defendant – as an alleged anticipatory breach of the contract because of the installment nature of the oral contract allegedly entered into by the parties.[4]

The Court then held that the issue of whether Plaintiff anticipatorily breached the LEGO lid supply contract was a factual issue that was in dispute, and, thus, summary judgment as to Plaintiff's breach of contract claim was inappropriate. (*Id.* at 7.)

On November 20, 2006, Defendant filed its Motion for Reconsideration of its Motion for Summary Judgment. (Doc. 103.)[5] Defendant argues the Court committed clear errors of fact and law in denying its motion for summary judgment as to Plaintiff's breach of contract claim.

As for the alleged factual error, Defendant asserts that there was no evidence in the record pertaining to the price quote – aside from Plaintiff's merely denying Defendant's Statement of Material Facts – to create a factual dispute that would preclude summary judgment.

_____

[4]Defendant does not dispute the Court's conclusion that the alleged oral contract was an installment contract.  Because Plaintiff's performance was not yet due for the 2005 LEGO campaign contract, it is difficult to understand Defendant's arguing that there was a breach of contract by Plaintiff, rather than an anticipatory breach by Plaintiff. *See* 13 PA. CONS. STAT. ANN. § 2610.  Indeed, under the Pennsylvania Uniform Commercial Code, the remedies an aggrieved party has for anticipatory breach are the same as those for breach. *See id.* at § 2610(2).

[5]While Defendant violated Local Rule 7.10, which provides that "[a]ny motion for reconsideration or reargument shall be filed within ten (10) days after the entry of judgment, order or decree concerned," the Court will entertain Defendant's motion for reconsideration because defense counsel has offered a valid reason for the delay.

4

Defendant also points out two clear errors of law allegedly committed by the Court. First, Defendant avers that the Court erred in failing to apply the five element standard which the *Gundlach* court set forth as comprising a breach of contract claim.  Second, Defendant contests the standard for anticipatory breach of contract which the Court applied – i.e., that there must be a definite and unconditional repudiation of a contract by a party in order to constitute anticipatory breach of contract.  Defendant states that the Court should have applied the standard for anticipatory breach set forth in the Pennsylvania Uniform Commercial Code, 13 PA. CONS. STAT. ANN. § 2610, because the alleged oral contract dealt with the sale of goods.

## LEGAL STANDARD

The denial of a motion for summary judgment is an interlocutory order. *Bines v. Kulaylat*, 251 F.3d 381, 384 (3d Cir. 2000).  As such, Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure do not apply to this motion, as those Rules only provide for reconsideration of a final judgment. *Dayoub v. Penn-Del Directory Co.*, 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000).  However, a district court retaining jurisdiction over a case "possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *Mohammad v. Kelchner*, No. 03-CV-1134, 2005 WL 1138468, at *2 (M.D. Pa. Apr. 27, 2005) (Munley, J.) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).  "Furthermore, because the court's prior order did not dispose of every claim before the court, it is 'subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.'" *Mainguth v. Packard*, No. 4:05-CV-0256, 2006 U.S. Dist. LEXIS 34115, at *3-4 (M.D. Pa.

5

May 23, 2006) (McClure, J.) (quoting *Mohammad*, 2005 WL 1138468, at *2).

While a district court has the inherent power to reconsider an interlocutory order, "[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under FED. R. CIV. P. 59(e)." *A&H Sportswear Co. v. Victoria's Secret Stores, Inc.*, No. Civ. A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001). In order to be entitled to relief under Rule 59(e), the "party seeking reconsideration must establish at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Here, Defendant argues that the Court committed clear errors of law and fact in denying its motion for summary judgment on Plaintiff's breach of contract claim.  As such, Defendant moves this Court to reconsider its Memorandum and Order of October 25, 2006. (Doc. 102.)

## DISCUSSION

### I. Alleged Error of Fact

Defendant asserts that there is no dispute of material fact with regard to whether Plaintiff's price quotes for the 2005 LEGO campaign were consistent with the pricing structure allegedly agreed to by the parties. (Def.'s Motion For Reconsideration at 6.) Indeed, Defendant contends that "all the evidence presented to the Court reflects that [Plaintiff's] price quotes were not in conformity with the pricing structure allegedly agreed to by the parties." (*Id.*)

Defendant points to the testimony of Plaintiff's President, Jeffrey M. Lotz, in which

he stated that he had agreed with Defendant's General Manager, Dale Behm, that

Defendant would pay Plaintiff the amount that LEGO would pay Defendant for the lids,

less the cost of the colorant for the lids, the boxes and pallets for the lids, and freight, all

of which were provided by Defendant. (Doc. 89-2 p.8; Doc. 89-4 p.112-113.)

Notwithstanding this agreement, Defendant avers and has presented evidence that

Plaintiff submitted a price quote that was one percent (1%), or $15,061, greater than the

amount that LEGO would pay Defendant for the lids, and thus breached the contract.

(Doc. 89-3 p.10.)  Defendant observes that, while Plaintiff "denied" these facts in its Reply

to Defendant's Statement of Material Facts (Doc. 95), Plaintiff has not actually presented

any evidence of record to contradict Defendant's documentary and deposition evidence.

(Def.'s Motion for Reconsideration at 7.)  As such, Defendant asserts that summary

judgment in its favor is appropriate because a motion for summary judgment cannot be

defeated by mere allegations, general denials or other vague statements; rather, there

must be a dispute of material fact in the evidentiary record. (*Id.*; *see also Quiroga v.

Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)).  The Court disagrees.

Defendant's argument fails to address Plaintiff's contention, which is supported by

Lotz's testimony contained in the summary judgment record, that Plaintiff's price quote

was merely a formality required by Defendant, and that Defendant, and not Plaintiff,

dictated the pricing. (Lotz testimony, Doc. 98-2 p. 38-39.)  Lotz stated that "[o]nce

[Defendant] received the quote, we came over and we did the cost comparison.  Here's

Lego's price, here's what boxes and freight cost.  This is what colorant cost is.  This is the

price to [Plaintiff]. . . .  They set the pricing.  I did not set the pricing." (*Id.*)  Based on

Lotz's testimony and the fact that price was dictated by what LEGO paid to Defendant

and Defendant's own costs for colorant, boxes and pallets, and freight, the Court is of the

opinion that a reasonable jury could conclude that Defendant was in the position to set the price under the contract and that Plaintiff's price quote was a mere formality.

Indeed, when viewed in the light most favorable to Plaintiff, the non-moving party, the record suggests that Defendant found a company, S & L Plastics,  which would supply LEGO lids to Defendant well below the price agreed to by the parties. (*See* Burke Latch email, Doc. 89-3 p.9.)  When provided with an opportunity to use a supplier offering a lower price, Defendant found a means – the price quote, which was, according to Plaintiff, a mere formality and essentially meaningless – to get out of the alleged supply contract with Plaintiff.

Accordingly, the Court rejects Defendant's argument that an error of fact was committed.[6]

## II. Alleged Errors of Law

### A. Breach of Contract under Pennsylvania Law

Defendant continues to argue, as it did in its motion for summary judgment, that *Gundlach* established five elements which a plaintiff must satisfy in order to recover for breach of contract. (Def.'s Motion For Reconsideration at 8.)  However, *Gundlach* is a case from the United States District Court for the Eastern District of Pennsylvania – a federal court.  Federal courts do not make the law of Pennsylvania.  The case cited by the *Gundlach* court – *Cottman Transmission Sys., Inc. v. Melody*, 851 F. Supp. 660, 672 (E.D. Pa. 1994) – itself is a federal court case from the Eastern District of Pennsylvania. In fact, the *Cottman Transmission* court stated that "[u]nder Pennsylvania law, a cause of action for breach of contract must be established by showing the existence of a contract

---

[6]To the extent that Defendant takes issue with the Court's citing to Plaintiff's Reply to Defendant's Statement of Material Facts, instead of a particular document in the record (Def.'s Motion for Reconsideration at 7-8), the Court finds such an argument inconsequential.

to which the plaintiff and defendant[ ] were parties, the essential terms of that contract, a breach of the duty imposed by the contract and damages as a result." 851 F. Supp. at 672.  These are the same elements established by the Superior Court of Pennsylvania in the cases cited by the Court in its Memorandum and Order of October 25, 2006.

Moreover, another federal court case cited by Defendant, *Pierce v. Montgomery County Opportunity Board*, 884 F. Supp. 965, 970 (E.D. Pa. 1995), relies upon a secondary source, 5 CHARLES A. WRIGHT, ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1235 at 269-71 (1990), and not a Pennsylvania state case, as authority for applying a five element breach of contract test.

Defendant, nevertheless, argues that *Cottman Transmission*, cited by the *Gundlach* court, cites the case of *Electron Energy Corp. v. Short*, 597 A.2d 175 (Pa. Super. Ct. 1991), *aff'd without op.*, 618 A.2d 395 (Pa. 1992), a Superior Court of Pennsylvania case which was affirmed by the Supreme Court of Pennsylvania.  *Electron Energy*, Defendant contends, establishes the five breach of contract elements set forth in *Gundlach*.  *Electron Energy*, however, nowhere sets forth these five elements as comprising a breach of contract claim.  Rather, *Electron Energy* dealt with the unique issue of whether the president of a professional corporation could be held liable for breaching a contract entered into by him on behalf of his corporation. 597 A.2d at 177-79. While the Court does not dispute that *Electron Energy* was affirmed by the Supreme Court of Pennsylvania, the legal proposition for which Defendant relies upon *Electron Energy* was not dealt with by that court.  As such, Defendant's argument that the Court committed an error of law in applying the three element breach of contract test, as set

forth by the Superior Court of Pennsylvania numerous times, is rejected.[7]

### B. Anticipatory Repudiation

The Court does agree with Defendant that it erred in citing the rule of law for the anticipatory breach of a contract under the common law, *see Oak Ridge Const. Co. v. Tolley*, 504 A.2d 1343, 1346 (Pa. Super. Ct. 1985) (the anticipatory breach of a contract occurs "whenever there has been a definite and unconditional repudiation of a contract by one party communicated to another"), rather than under the Pennsylvania Uniform Commercial Code, 13 PA. CONS. STAT. ANN. § 2610 cmt. 2 (anticipatory breach occurs whenever there is "action which reasonably indicates a rejection of the continuing obligation[; or,] . . . when under a fair reading it amounts to a statement of intention not to perform except on conditions which go beyond the contract, it becomes a repudiation"), which is applicable when the contract at issue deals with goods.

However, notwithstanding this legal error, the Court correctly held that summary judgment was precluded by the presence of a genuine issue of material fact as to whether Plaintiff, in submitting a price quote which it contends was a mere formality because the price was dictated by Defendant, indeed anticipatorily repudiated the LEGO supply contract allegedly entered into with Defendant.

---

[7]While the Court, in its Memorandum and Order, asked whether Plaintiff breached the contract to thus excuse Defendant's performance, Defendant would rather cast the issue in terms of performance – whether Plaintiff failed to comply with the contract (the third *Gundlach* element). These questions are analogous and interchangeable.  Indeed, even under the five-element *Gundlach* test, Plaintiff's evidence that the price quote was a mere formality and essentially meaningless would raise a genuine issue of material fact as to whether Plaintiff complied with the terms of the contract and performed its own obligations under it (the third *Gundlach* element).

**CONCLUSION**

For the reasons stated above, the Court will deny Defendant's Motion for Reconsideration (Doc. 103).  An appropriate Order will follow.


 January 5, 2007                                    /s/ A. Richard Caputo
Date                                                   A. Richard Caputo
                                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JML INDUSTRIES, INC.,

      Plaintiff,

          v.

PRETIUM PACKAGING, LLC,

      Defendant.

CIVIL ACTION NO. 3:04-CV-2552

(JUDGE CAPUTO)

## <u>ORDER</u>

    **NOW**, this   5th   day of January, 2007, **IT IS HEREBY ORDERED** that

Defendant's Motion for Reconsideration (Doc. 103) is **DENIED**.


/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge